24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**F I L E D**

JUN 1 3 2017

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

United States of America,

                Plaintiff,

v.

D-1 Carl A. McCloud,

                Defendant.

No. 17-cr-20088

Hon. George C. Steeh

Offenses:
<u>Counts 1, 4</u>: 18 U. S. C. § 1029(a)(3)
Possession of 15 or More Unauthorized
Access Devices

<u>Count 3</u>:18 U. S. C. § 1029(a)(4)
Possession of Device-Making
Equipment

**Maximum Penalty:**
<u>Counts 1, 4</u>: 10 years' imprisonment
<u>Count 3</u>: 15 years' imprisonment

**Maximum Fine:**
Not to exceed $250,000

**Supervised Release:**
Up to 3 Years

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Carl A. McCloud and the government agree as follows:

1.    **Guilty Plea**

A.    **Counts of Conviction**

Defendant will enter a plea of guilty to Counts One and Four of the Indictment, which charge him with possession of 15 or more unauthorized access devices, in violation of 18 U. S. C. § 1029(a)(3), and Count Three of the Indictment, which charges him with possession of device-making equipment, in violation of 18 U. S. C. § 1029(a)(4).

B.    **Elements of Offenses**

The elements of Counts One and Four are as follows:

(1) The defendant knowingly possessed fifteen or more access devices;

(2) Those devices were counterfeit or unauthorized;

(3) The defendant possessed those devices with the intent to defraud; and

(4) The defendant's conduct affected interstate or foreign commerce.

The elements of Count Three are as follows:

(1) The defendant knowingly possessed device-making equipment;

(2) The defendant possessed that equipment with the intent to defraud; and

(3) The defendant's conduct affected interstate or foreign commerce

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On or about November 18, 2013, in the Eastern District of Michigan, CARL MCCLOUD knowingly possessed, on USB drives, more than fifteen stolen credit card numbers belonging to third parties, as well as gift and debit cards re-encoded with stolen credit card numbers.

On or about November 18, 2013, in the Eastern District of Michigan, CARL MCCLOUD also knowingly possessed device-making equipment, specifically, a credit card skimming device.

On or about June 9, 2015, in the Eastern District of Michigan, CARL MCCLOUD knowingly possessed more than fifteen gift and debit cards re-encoded with stolen credit card numbers.

MCCLOUD possessed these items with the intent to defraud. MCCLOUD stipulates that his possession of these items affected interstate commerce.

MCCLOUD agrees that, for sentencing purposes, he will be held accountable for knowingly possessing a total of 1850 counterfeit and unauthorized access devices. MCCLOUD also agrees that, for sentencing purposes, he will be held accountable for engaging in criminal conduct that involved more than 10 victims.

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **77 – 96 months' imprisonment**, as set forth on the attached worksheets. If the Court finds:

1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or

2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **77 – 96 months' imprisonment**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.   The government agrees to recommend a sentence at the low end of the agreed guideline range.

B.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 Years. . The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of $300 and must provide the government with a receipt for the payment before sentence is imposed.

### D.    **Fine**

There is no agreement as to fines.

### E.    **Restitution**

The Court shall order restitution to the victims of defendant's offense. Restitution is to be determined by the Court at time of sentencing.

## 4.    **Forfeiture**

Defendant agrees to identify all property known to defendant, in which defendant or any other person has a legal or equitable interest, that facilitated the commission of the violations alleged, or property traceable thereto; and all property involved in, or property traceable thereto, of the violations set forth in the **Indictment** upon which defendant was charged in this case. Defendant also agrees to identify the extent of any person's or entity's (including defendant's) interest in any such property. Defendant agrees to forfeit to the United States, without contest, all personal and real property received as a result of the above referenced fraudulent activities. Further, defendant agrees to transfer to the United States all other personal or real property, in which defendant has any equitable interest, obtained in whole or in part through the above referenced fraudulent activities. Transfer of title, ownership, and interest will be completed prior to sentencing. If any other person or entity has any interest

in such property, defendant will assist in obtaining a release of interest from any such other person or entity. Defendant will not transfer any interest in, or create any additional encumbrance on, any property listed for forfeiture.

5.     **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.     **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges against the defendant in this case.

7.     **Each Party's Right to Withdraw from this Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty

plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8.    **Appeal Waiver**

Defendant waives any right he may have to appeal his conviction on any grounds. If the sentence imposed does not exceed the maximum allowed by Paragraph 3 of this agreement, the defendant also waives any right he may have to appeal his sentence, including any restitution order, on any ground.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

9.    **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 04/28/2017. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Daniel L. Lemisch
Acting United States Attorney

John K. Neal
Assistant United States Attorney
Chief, White Collar Crimes

Andrew J. Yahkind
Assistant United States Attorney

Date: 04/13/2017

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

~~Andrew Densemo~~ Michelene Eberhard
Attorney for Defendant

6/13/17
Date

Carl A. McCloud
Defendant

6/13/17
Date

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2B1.1(a)(1) | Base Offense Level | 6 |
| §2B1.1(b)(1)(H) | Loss: 1850 Unauthorized Access Devices x $500/Access Device= $925,000 | +14 |
| §2B1.1(b)(2)(A) | More than 10 Victims | +2 |
| §2B1.1(b)(11)(A)(i) | Possession of Device-Making Equipment | +2 |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

A-1

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

24

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                        **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                        **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                        **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see*

C-1

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 9/17/08 | — | Retail Fraud—2nd Degree | 8D Jail | ___ | 1 |
| 10/22/08 | — | Weapons—Carry Concealed (Attempt) | 2D Jail | ___ | 1 |
| 4/20/09 | — | Larceny from Person | 334D Jail + 90D Jail Prob Violation | ___ | 3 |
| 5/26/09 | — | Prisoner Possessing Contraband | 365D | ___ | 3 |
| 5/19/11 | — | Police Officer—Fleeing—3rd Degree | 45D Jail +365D Jail Prob Violation | ___ | 3 |
| 9/11/14 | — | Police Officer—Assault/Resist/Obstruct; Fleeeing-2nd Degree | 12M | ___ | 2 |
| 5/13/16 | — | Retail Fraud—1st Degree; Financial Transaction Device—Fraudulent Possession | 2Y Probation | ___ | 1 |
| ___ | — | ___ | ___ | ___ | |
| ___ | — | ___ | ___ | ___ | |
| ___ | — | ___ | ___ | ___ | |

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-3

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## 2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.



+2

## 3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.



## 4.   TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

16

## 5.   CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

VI

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## <u>WORKSHEET D (Guideline Range)</u>

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

| 24 |
|---|

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

| -3 |
|---|

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 21 |
|---|

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| VI |
|---|

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.    <u>Total Offense Level:</u>    If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b.    <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.    GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 77-96 |
|---|

months

D-2

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## WORKSHEET E (Authorized Guideline Sentences)

**1.  PROBATION**

   a.  Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X]     1.  Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ]     2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]     3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b.  Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ]     1.  At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ]     2.  No more than 3 years (total offense level < 6).

   c.  Conditions of Probation (U.S.S.G. § 5B1.3)

**2.  SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[X] a.  A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ] b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.  IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

E-2

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

    1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

    [X] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

    3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

    4. The statute of conviction requires a minimum term of supervised release of _____ years.

c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[X] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ _____ .

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ _____
    (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

5.  Restitution is not applicable.

6.  **FINE (U.S.S.G. § 5E1.2)**

    a.  Fines for Individual Defendants

        The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b.  Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

    | Minimum Fine | Maximum Fine |
    |---|---|
    | $15,000 | $150,000 |

| Defendant: | Carl McCloud | Counts: | 1, 3, 4 (Possession of Unauthorized Access Devices & Device-Making Equipment) |
|---|---|---|---|
| Docket No.: | 17-cr-20088 | Statute(s): | 18 U.S.C. §§ 1029(a)(3-4) |

7.    **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $300_____.

8.    **FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.    [ ] Assets of the defendant will not be forfeited.

9.    **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
List any additional applicable guideline, policy statement, or statute.

_____
_____
_____

10.    **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____
_____
_____