UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES
OF AMERICA,

CASE NO. 17-CR-20088
HON. GEORGE CARAM STEEH

Plaintiff,

v.

CARL A. MCCLOUD,

Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On February 14, 2017, a federal grand jury returned a five-count indictment against defendant Carl McCloud charging him with two counts of possession of fifteen or more unauthorized access devices, two counts of aggravated identity theft, and one count of possession of device-making equipment. On March 28, 2017, this court held a detention hearing and ordered Defendant detained based on its finding that the government had proven by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance at trial. (Doc. 10). In reaching this conclusion, the court found that the weight of evidence against Defendant was strong, and that Defendant was subject to a lengthy period of incarceration if convicted, had

a prior criminal history and had participated in criminal activity while on probation, parole, or supervision; lacked stable employment; had previously failed to appear in court as ordered; used aliases or false documents; and had prior violations of probation, parole, or supervised release. The court also considered the Pretrial Services Report dated March 28, 2017, which recommended detention to assure the appearance of the Defendant and the safety of the community.

On June 13, 2017, Defendant pleaded guilty to possessing unauthorized access devices and a credit card skimming device. In total, he admitted to possessing 1850 stolen credit card numbers. As the federal prosecutor pointed out at the bond hearing, Defendant could have used a different credit card every day for five years. The Rule 11 plea agreement anticipates a guideline range of 77 to 96 months' imprisonment. At the plea hearing, Defendant orally moved for reconsideration of the detention order and asked to be released on bond pending sentencing which is scheduled for October 5, 2017. The court permitted Defendant to file a written brief in support of his motion. Defendant has now done so and the government has filed a response. Defendant also filed a reply brief. The court has carefully considered the parties' written submissions. Because the motion

is time barred and the government has proven that Defendant is a serious flight risk, Defendant's motion for reconsideration shall be denied.

Local Rule 7.1(h) requires that a motion for reconsideration be filed within 14 days after entry of the judgment or order in question. Defendant's June 13, 2017 oral motion was made more than two months after the detention order and over a month and a half after Defendant retained new counsel. Nevertheless, Defendant argues that his motion is timely under 18 U.S.C. § 3142(f)(2) which provides: "the [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The government responds that Section 3142(f)(2) does not apply here because Defendant has pleaded guilty; thus, the motion cannot be construed as a pretrial motion. In any event, Defendant's claim that the court should consider various factors that are allegedly "new to the court" is not the relevant inquiry: the facts must be those that were "not known to the movant" at the time of the prior detention hearing. Defendant has not met his burden.

Defendant alleges new facts as follows: he is caring for ill relatives;

he has strong support and ties to the community, and he previously failed

to appear in court because of a lack of notice.  All of these factors would

have been known to Defendant at his prior detention hearing.  Defendant

also claims that he is being placed on lockdown sixteen hours a day while

detained and that this means his detention is overly restricted.  The

government responds that the number of hours he is locked down while

detained has no bearing on the court's consideration of the matter before

the court: whether he has a risk of non-appearance or any danger to the

community.  The court agrees.

Defendant argues that he cannot be considered a danger to the

community because his crime is not one of those enumerated under 18

U.S.C. § 3142(f)(1), for which a presumption of danger to the community,

and thus, detention applies.  Defendant, however, was not detained based

any alleged danger to the community.  He was detained because he poses

a serious risk of flight.  Also, because Defendant pled guilty there is a

presumption of detention.  Specifically, 18 U.S.C. § 3143(a)(1) provides:

"the judicial officer shall order that a person who has been found guilty of

an offense and who is awaiting imposition or execution of sentence, other

than a person for whom the applicable guideline promulgated pursuant to

28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see United States v. Bowman*, 98 F.3d 1343 (6th Cir. 1996) (table only).

A careful review of the totality of the circumstances presented here leads to the conclusion that Defendant is a serious flight risk. The nature and circumstances of his offense, which involves voluminous financial transaction device fraud, demonstrates that Defendant has the means to steal the personal identifying information of other people – the kind of skills that would make it easy for Defendant to avoid his imminent prison sentence. In fact, when Defendant was pulled over for speeding in the incident that led to his arrest in this case, when he was found with a credit card skimming device and USB drives later revealed to have over 1800 stolen credit card numbers on them, he falsely identified himself by another name and produced a false identification card. This is the exact sort of fraudulent conduct that could enable Defendant to flee this jurisdiction.

Because Defendant has pleaded guilty to possessing unauthorized access devices and a credit card skimming device, his ability to steal personal identifying information is no longer in dispute. His history and

characteristics also militate in favor of detention as he has multiple prior

criminal convictions, including convictions for fleeing from law enforcement,

a prior failure to appear in court as required, prior probations violations, the

admission that he engaged in the fraudulent conduct in this case while

serving prior probationary sentences, and the fact that he missed a

probation appointment after learning of his arrest in this case and was only

taken into custody after local law enforcement responded to another

incident involving the Defendant.

Defendant argues he is not a flight risk because he is a white-collar

defendant, but Defendant's crime involves fraud and Defendant has a

history of using false identification and an alias. The court has considered

Defendant's claims that he is strongly bonded to the community because

he cares for an elderly Aunt and Uncle, has four children, is a lifelong

resident of the community, and lacks a passport or enhanced driver's

license, but these facts are insufficient to overcome the government's

proofs as outlined above. Defendant claims he has no history of flight, but

Defendant has two prior convictions for fleeing law enforcement, one in

2014 and another in 2011. Also, defendant has failed to appear as

required to court, has failed to appear as required to probation, and has

violated at least five prior probationary sentences. Defendant also argues

that he has no history of violence or use of weapons, but Defendant was ordered detained based on his risk of flight, not based on his danger to the community. Defendant has failed to overbear the government's proofs that he poses a serious risk of flight. Accordingly, Defendant's motion for reconsideration (Doc. 28) of the court's detention order is DENIED.

**IT IS SO ORDERED.**

Dated: August 17, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk